FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 17 2017

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | NO. 6:17- CR-36 |
| | § | JUDGES CLARK/MITCHELL |
| HECTOR CAMARGO | § | |
| | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count 1

Violation: 18 U.S.C. § 2113
(Bank robbery)

On or about November 14, 2016, in the Eastern District of Texas, defendant **Hector Camargo**, by force, violence, and intimidation did take or attempt to take from the person or presence of another money, namely approximately $5,574 in United States currency, belonging to and in the care, custody, control, management, and possession of the Citizens National Bank in Longview, Texas, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

In violation of 18 U.S.C.§ 2113(a).

## Count 2

Violation: 18 U.S.C. § 2113
(Bank robbery)

On or about December 16, 2016, in the Eastern District of Texas, defendant **Hector Camargo**, by force, violence, and intimidation did take or attempt to take from the person or presence of another money, namely approximately $4,218 in United States currency, belonging to and in the care, custody, control, management, and possession of the Citizens National Bank in Kilgore, Texas, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

In violation of 18 U.S.C.§ 2113(a).

## Count 3

Violation: 18 U.S.C. § 924(c)
(Use, carrying and possession of firearms
and ammunition during and in
furtherance of a violent crime)

On or about December 16, 2016, in the Eastern District of Texas, defendant **Hector Camargo** did knowingly and intentionally use, carry, possess, and brandish a firearm, to wit: a handgun, during and in relation to and in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is bank robbery, in violation of 18 U.S.C. § 2113, as alleged in Count 2.

In violation of 18 U.S.C. § 924(c).

### Count 4

> Violation: 18 U.S.C. § 2113
> (Bank robbery)

On or about April 21, 2017, in the Eastern District of Texas, defendant **Hector Camargo**, by force, violence, and intimidation did take or attempt to take from the person or presence of another money, namely approximately $7,802 in United States currency, belonging to and in the care, custody, control, management, and possession of the First National Bank of Hughes Springs, in Kilgore, Texas, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

In violation of 18 U.S.C.§ 2113(a).

### Count 5

> Violation: 18 U.S.C. § 924(c)
> (Use, carrying and possession of firearms
> and ammunition during and in
> furtherance of a violent crime)

On or about April 21, 2017, in the Eastern District of Texas, **Hector Camargo**, Defendant herein, did knowingly and intentionally use, carry, possess, and brandish a firearm, to wit: a handgun, during and in relation to and in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is bank robbery, in violation of 18 U.S.C. § 2113, as alleged in Count 4.

In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
18 U.S.C. §§ 924(d)(1) and 981(a)(1)(c), and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States pursuant to 18 U.S.C. §§ 924(d)(1) and 981(a)(1)(c), and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violations;

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3. any and all firearms, ammunition and accessories seized from the defendant, including but not limited to the following:

**Firearm/Ammunition:**

- Browning model BDA380, .380 pistol, serial number 425MM44900 and
- Various rounds of .380 ammunition seized from the defendant at the time of his arrest.

**Currency:**

- $6,953 in U.S. currency seized from the defendant at the time of his arrest.

**Substitute Assets:**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

5/17/17
Date

_____
FOREPERSON OF THE GRAND JURY

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
D. RYAN LOCKER
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | NO. 6:17- CR-_____ |
| § | JUDGES CLARK/MITCHELL |
| HECTOR CAMARGO § | |

## NOTICE OF PENALTY

### Counts 1, 2, and 4

| | |
|---|---|
| Violation: | 18 U.S.C. § 2113 (Bank robbery) |
| Penalty: | Imprisonment not more than 20 years; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |

### Counts 3 and 5

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying and possession of a firearm during and in furtherance of a crime of violence) |
| Penalty: | Imprisonment for not less than 5 years which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 5 years. |
| | If the firearm is brandished, then imprisonment for not less than 7 years which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 5 years. |
| | In the case of a second or subsequent conviction, imprisonment for not less than 25 years which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |